IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-00468 OWW JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUESTS FOR PRELIMINARY INJUNCTIONS BE DENIED<br><br>(Docs. 32 & 52) |

    Plaintiff is a state prisoner proceeding pro se an *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has two requests for preliminary injunctions pending before the Court. First, on March 23, 2010, Plaintiff filed a motion seeking to recover his legal property held by Sergeant Borem. (Doc. 32.) Second, on July 1, 2010, Plaintiff filed a motion complaining that he is being denied adequate law library access by Sergeant Groth and Lieutenant Raske. (Doc. 52.) Plaintiff also complains that he is in need of mailing and copying supplies. (Id.)

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted).

1

Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, must have before it an actual case or controversy. City of Los Angeles v Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 102.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires the Court to narrowly draw any injunctive relief such that it "extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is proceeding in this matter on his claims against Defendants Wegman, Gonzales, Howard, Ortiz, and Bradley regarding alleged obstruction of Plaintiff' religious practices. (See Docs. 17 & 26.)  The Court has no subject matter jurisdiction over Plaintiff's new allegations regarding law library access and legal property.  Moreover, the Court lacks personal jurisdiction over Sergeant Borem, Sergeant Groth, and Lieutenant Raske, the prison officials allegedly responsible for Plaintiff's new claims.  Thus, the Court is without authority to provide Plaintiff relief regarding these matters.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  To the extent that these issues are impeding his ability to timely respond to the Court's deadlines in this action, Plaintiff is advised that he may seek extensions of time on a showing of good cause.  To the extent that Plaintiff believes that he has a viable access to the courts claim, he is advised to fully exhaust this claim and to file a new civil rights action thereafter.

Accordingly, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's April 2, 2010 request for a preliminary injunction (Doc. 32) be **DENIED**; and
2. Plaintiff's July 1, 2010 request for a preliminary injunction (Doc. 52) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, the parties may file written objections with the Court.

2

1 The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
2 The parties are advised that failure to file objections within the specified time may waive the right to
3 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 <u>IT IS SO ORDERED.</u>

6 Dated: **February 9, 2011**          /s/ **Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE