IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-00468 OWW JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO JOIN NEW DEFENDANTS AND CLAIMS<br><br>(Doc. 45) |

    Plaintiff is a state prisoner proceeding pro se an *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On May 27, 2010, Plaintiff filed a motion seeking to join employees of Calipatria State Prison ("CSP") to this action. (Doc. 45.) In his motion, Plaintiff alleges that upon his transfer to CSP on March 23, 2010, he was denied his legal materials and religious property by CSP Sergeant Borems and CSP Correctional Officers Duncan and Maciel. (Id. at 2-3.) Plaintiff also alleges that his requests for kosher meals and accommodations for the 2010 Passover Feast/Unleavened Bread have been ignored by CSP Community Partnership Manager Powell and CSP Food Manager Mitchell. (Id. at 4.) Based on these allegations, Plaintiff claims that employees at CSP have violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and have "aggravat[ed] the claims already presented [in] this action." (Id. at 1-2.)

    Federal Rule of Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternative

claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." Fed. R. Civ. P. 18(a). In addition, Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a)(2). "Thus multiple claims against a single party are fine." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). So are multiple claims against multiple defendants as long as the claims arise out of the same transaction or occurrence. However, "[u]nrelated claims against different defendants belong in different suits . . . ." Id.

Plaintiff proposes to join defendants and claims that are wholly unrelated to those in this case. In this case, Plaintiff is proceeding on his First Amendment, RLUIPA, and equal protection claims against Defendants Wegman, Gonzales, Howard, Ortiz, and Bradley. (Docs. 17 & 26.) These claims arise from incidents involving prison officials at Kern Valley State Prison in 2009. (Doc. 17.) If the Court were to allow Plaintiff to now join new defendants regarding events that occurred at CSP in 2010, the end result would be "the kind of mishmash of a complaint that has been roundly repudiated" by courts. Medina v. Dickinson, No. Civ. S-10-0502 GGH P, 2010 U.S. Dist. LEXIS 104369, at *20 (E.D. Cal. Sept. 21, 2010) (quoting George, 507 F.3d at 607). That will not be allowed. Plaintiff must file his unrelated claims against unrelated defendants in a new action.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's May 27, 2010, motion to join new defendants and claims (Doc. 45) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 9, 2011**                           /s/ **Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

2