IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS,<br><br>    Plaintiff,<br><br>  vs.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-00468 OWW JLT (PC)<br><br>ORDER REGARDING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 63) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 8, 2011, the assigned magistrate judge issued findings and recommendations recommending that Defendants' June 22, 2010 motion to dismiss for Plaintiff's failure to exhaust administrative remedies be granted in part and denied in part. (Doc. 63.) Specifically, the assigned magistrate judge recommended that Plaintiff's claims regarding the denial of dietary accommodations for the "Feast of Passover/Unleavened Bread" and the denial of kosher meals be dismissed because Plaintiff did not dispute that his inmate appeals regarding those claims were never decided at the final level of review, nor were they improperly screened as to render administrative remedies "unavailable." As to Plaintiff's equal protection claims, however, the assigned magistrate judge found that Appeal #KVSP-O-02254 was improperly screened-out repeatedly, thereby rendering administrative remedies

1

"unavailable." Accordingly, the assigned magistrate judge concluded that Plaintiff should be excused from his failure to exhaust and allowed to proceed on his equal protection claims against Defendants Wegman, Gonzales, Howard, and Ortiz.

On February 22, 2011, Plaintiff filed timely objections to the findings and recommendations. (Doc. 68.) Therein, Plaintiff argues that in addition to the inmate appeals analyzed by the assigned magistrate judge in the findings and recommendations, Plaintiff filed other grievances in which he complained that he was being denied kosher meals. Plaintiff contends that he was nevertheless prevented from exhausting these grievances because they were screened-out for improper reasons by the appeals coordinator at Kern Valley State Prison ("KVSP").

In accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections to the findings and recommendations, the Court adopts the findings and recommendation with respect to (1) the dismissal of Plaintiff's First Amendment and RLUIPA claims regarding the denial of dietary accommodations for the "Feast of Passover/Unleavened Bread" for failure to exhaust administrative remedies; and (2) allowing Plaintiff to proceed with his equal protection claims against Defendants Wegman, Gonzales, Howard, and Ortiz. However, for the reasons set forth below, the Court declines to adopt the recommendation that Plaintiff's First Amendment and RLUIPA claims regarding the denial of kosher meals be dismissed for failure to exhaust administrative remedies.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002).

In order to properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). In California,

the Department of Corrections and Rehabilitation has established an administrative grievance system for prisoner complaints. See Cal. Code Regs, tit. 15 § 3084.1 (West 2011). Prisoners may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Id. at § 3084.1(a). The process is initiated by a prisoner submitting a CDCR Form 602, which is also known as an "inmate appeal." Id. at § 3084.2(a). The inmate appeal typically proceeds through four levels of review: an informal level, the first formal level, the second formal level, and the third formal level, also known as the "Director's Level." Id. at § 3084.7. A final decision from the Director's Level of review typically satisfies the exhaustion requirement under § 1997e(a). See, e.g., Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal 1997).

Nevertheless, the PLRA only requires an inmate to exhaust administrative remedies that "are available." 42 U.S.C. § 1997e(a). When circumstances render administrative remedies "effectively unavailable" an inmate is excused from the exhaustion requirement. See Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). For example in Nunez, the Ninth Circuit held that a prisoner's failure to exhaust may be excused when the prisoner takes "reasonable and appropriate steps to exhaust . . . [but is] precluded from exhausting, not through his own fault but by [a prison official's] mistake." Id. at 1224. In other words, a prisoner cannot be faulted when he makes "every effort to make full use of the prison grievance process, but [is] stymied by the error" of prison officials. Id. at 1226. See also Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (suggesting that a prisoner may be excused from his failure to exhaust when prison officials obstruct the grievance process).

In this case, Plaintiff has provided evidence of an inmate appeal regarding the denial of kosher meals that Plaintiff attempted to exhaust through the grievance process. (Doc. 55 at 66.) Specifically, on November 10, 2005, Plaintiff filed an inmate appeal requesting that he be provided kosher meals or transferred to a facility that was able to accommodate his religious dietary needs. (Id.) The appeal was denied at the informal level of review on December 22, 2005. (Id.) In response, Plaintiff resubmitted the appeal for consideration at the first level of review on January 7, 2006. (Id.) However, according to Plaintiff, the appeal was returned to him without ever being processed. (Id.) Plaintiff therefore has raised a factual question as to whether he was thwarted from exhausting his grievance because prison officials erred and failed to process the appeal.

Because Defendants have the burden of raising and proving the absence of exhaustion, <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), it falls on Defendants to rebut Plaintiff's argument in order to prevail on their motion to dismiss. In particular, Defendants must explain what administrative remedies were available to Plaintiff and how he failed to take advantage of those remedies. However, here, Defendants have completely failed to address this issue in their submitted papers. As such, the Court cannot conclude that Defendants carried their burden of proving the absence of exhaustion regarding Plaintiff's kosher meal claims. <u>See</u>, <u>e.g.</u>, <u>Burrows v. Gifford</u>, 2007 U.S. Dist. LEXIS 72077, at *2-3 (E.D. Cal. Sept. 27, 2007) (defendants did not meet their burden of proving the absence of exhaustion when they failed to respond to plaintiff's argument that prison officials failed to properly process his grievance); <u>Reynolds v. Cal. Dep't of Corr.</u>, 2007 U.S. Dist. LEXIS 25472, at *2 (E.D. Cal. Apr. 5, 2007) (same). Accordingly, the Court declines to dismiss Plaintiff's claims regarding the denial of kosher meals for failure to exhaust administrative remedies.

For the reasons set forth above, it is **HEREBY ORDERED** that:

1. The findings and recommendations issued by the assigned magistrate judge on February 8, 2011 (Doc. 63) are **ADOPTED IN PART**. The Court declines to adopt the findings and recommendations as they pertain to Plaintiff's failure to exhaust his kosher meal claims. The Court adopts the findings and recommendations in all other respects.

2. Defendants' June 22, 2010 motion to dismiss (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiff's First Amendment and RLUIPA claims against Defendants Wegman, Ortiz, and Howard regarding the denial of dietary accommodations for the "Feast of Passover/Unleavened Bread" in 2009 are dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

    b. This action shall proceed on: (1) Plaintiff's First Amendment and RLUPA claims against Defendants Wegman and Howard regarding the denial of kosher meals; and (2) Plaintiff's equal protection claims against Defendants Wegman, Ortiz, Gonzales, and Howard regarding discrimination against Plaintiff as a member of the House of Yahweh faith. <u>IT IS SO ORDERED.</u>

**Dated:     March 23, 2011**                          /s/ Oliver W. Wanger
<u>                              UNITED STATES DISTRICT JUDGE</u>

4