IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS,<br><br>            Plaintiff,<br><br>       v.<br><br>MATTHEW CATE, et al.,<br><br>            Defendants.<br>                                                          / | Case No. 1:09-cv-00468 OWW JLT (PC)<br><br>ORDER DISCHARGING COURT'S ORDER REQUIRING PLAINTIFF TO FILE CERTAIN DOCUMENTS<br><br>(Doc. 83)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(Doc. 86) |

On June 30, 2011, the Court ordered Plaintiff to re-file several documents because his pending motion (Doc. 75) appeared to reference exhibits that were not properly attached to the motion. (Doc. 83.) In particular, the Court ordered Plaintiff to re-file (1) his declaration in support of his motion to "reactivate [his] lawsuit against . . . Defendants previously dismissed from [the] case"; and (2) copies of three memorandum cited by Plaintiff in his motion. (Id.)

On July 11, 2011, Plaintiff filed a statement of correction regarding the missing exhibits. (Doc. 86.) First, Plaintiff explains that he did not intend to include a separate declaration to his motion; the facts contained in the motion itself constituted his declaration. (Id. at 1.) Second, Plaintiff corrects the dates of the memorandum cited in his motion and provides citations to the record where the documents can be found. (Id.) The memorandum at issue can be found in Plaintiff's amended complaint (Doc. 12) at pages 23-26, 32, and 41 and in Plaintiff's opposition to Defendants' motion to dismiss (Doc. 55) at

page 59.[1] In light of the foregoing, the Court is satisfied that Defendants have been served (at least at some point) with the memorandum at issue and have access to all the documents that are necessary for Defendants to properly respond to Plaintiff's pending motions. Therefore, the Court's June 30, 2011 order will be discharged.

Finally, in his July 11, 2011 filing, Plaintiff requests $1,000 in sanctions because, in Plaintiff's view, Defendants failed to file timely responses to his discovery requests and have engaged in dilatory tactics. (Doc. 86 at 2.) The Court disagrees. First, Defendants' responses were timely and served in accordance with the Court's June 29, 2010 order (granting Defendants thirty days after service of the District Court's ruling on Defendants' motion to dismiss to file discovery responses) and Federal Rule of Civil Procedure 6(d) (extending deadline by three days when service is made by electronic means). Second, there is no evidence that Defendants are acting in bad faith. Defendants' confusion regarding Plaintiff's pending motions is legitimate, especially in light of the fact that Plaintiff apparently failed to accurately cite to several documents referenced in his motions.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court's order issued June 30, 2011 requiring Plaintiff to re-file certain documents (Doc. 83) is **DISCHARGED**;
2. Defendants shall file their opposition to Plaintiff's pending motions within thirty days of the date of service of this order; and
3. Plaintiff's request for sanctions is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 13, 2011**                              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff asserts that the January 16, 2009 memoranda can be found in Plaintiff's amended complaint at pages 40 and 44, that does not appear to be so. After an exhaustive review of the record, the Court concludes that the January 16, 2009 memoranda to which Plaintiff is referring can actually be found in Plaintiff's opposition to Defendants' motion to dismiss at page 59.

2