IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-00468 OWW JLT (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME AND GRANTING THE PARTIES REQUEST TO COMPLETE THE DEPOSITION OF PLAINTIFF<br><br>(Doc. 94) |

Before the Court is Defendants' motion to amend the scheduling order to extend discovery and the dispositive motion deadlines. (Doc. 94)  For the reasons discussed below, the Court **DENIES** the stipulation to amend the scheduling order.

**I.   Background**

On October 11, 2011, Defendants filed a motion to modify the Court's July 7, 2011 scheduling order. (Doc. 94) Defendants' motion requests a 60-day extension of the current discovery deadline and an extension of the deadline for filing dispositive motions.  Defendants assert that these extensions are necessary to allow Defendants the opportunity to depose Plaintiff to facilitate the parties' settlement discussions. (Doc. 94).

**II.   Analysis**

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson v. Mammoth Recreations, Inc., 975

1

F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply . . ." Jackson, 186 F.R.D. at 608, emphasis added.

Here Defendants have failed to explain their delays in negotiating settlement. According to Defendants' moving papers, though Plaintiff's proposed settlement was filed with the Court on June 23, 2011, over three months passed before Defendants contacted Plaintiff to discuss settlement.[1] (Doc. 94 at 4). Morever, Defendants fail to demonstrate any efforts toward completing discovery in the time frame allowed by the scheduling order. In fact, there is no showing that any discovery has occurred at all. A reasonable inference, based upon the timing of this current motion–brought on the eve of the close of the discovery–is that the need for the extension, is not wholly to discuss settlement, but to correct Defendants' lack of diligence in pursuing discovery before now. In this regard, it is noteworthy that Defendants have not yet taken Plaintiff's deposition. However, because Plaintiff has no objection to his deposition being taken out of time, Defendants are granted until October 31, 2011, to complete Plaintiff's deposition.

The Court applauds the parties' efforts and desire to settle this matter. However, given the crushing case load faced by this Court, it cannot allow delayed settlement efforts to derail the progress of this case. Thus, though the parties are encouraged to continue settlement discussions, they must do so as they continue to pursue this litigation.

Accordingly, it is **HEREBY ORDERED** that:

---

[1] Likewise, the motion fails to demonstrate why settlement efforts would constitute good cause to amend the scheduling order, in any event.

2

1. Defendants' October 11, 2011 motion is **GRANTED IN PART** to allow Plaintiff's deposition to be completed no later than October 31, 2011;
2. In all other respects, Defendants' October 11, 2011, motion to modify the scheduling order is (Doc. 94), is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 13, 2011**                                   /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE