# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS, | CASE NO. 1:09-cv-00468 LJO JLT PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS |
| v. | (Doc. 75) |
| MATTHEW CATE, et al., | |
| Defendant. | |

I. **Procedural History**

Plaintiff Allen B. Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 4 2 U.S.C. § 1983. This action is proceeding on the first amended complaint for violations of the First Amendment and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000, ("RLUIPA") and on equal protection grounds (Doc. 71 at 4 and Docs. 17 and 19.) On April 22, 2010, the Court issued its scheduling order setting forth the deadline of December 22, 2010, to complete all discovery, including filing motions to compel. (Doc. 38.) Discovery is currently closed in this action.

On July 1, 2010, Plaintiff filed a motion to compel to compel responses to his discovery requests, (Doc. 53), which the Court denied as moot on February 10, 2011. (Doc. 67.) Plaintiff's

original motion was denied as a result of the Court's order of June 29, 2010, (Doc. 51), which ordered that Defendants could delay in responding Plaintiff's discovery requests until after the Court's ruling on Defendants June 22, 2010 motion to dismiss. (Doc. 67.) However, the Court's February 10, 2011 provided that if Plaintiff was not satisfied with Defendant's discovery responses, the Court would allow Plaintiff to file a later motion to compel. (Doc. 67 at 1-2.)

On May 9, 2011, after Defendant had served responses, Plaintiff filed a renewed motion to compel discovery which includes a request for sanctions based on Plaintiff's claim that Defendant's responses were not truthful.[1] (Doc. 75.) On August 31, 2011, Defendants filed an opposition to Plaintiff's motion. (Doc. 91.)

## II.  Motions to Compel

In the instant motion, Plaintiff alleges that Defendant's provided only partial responses to his discovery requests and that several of the responses were not truthful. While Plaintiff identifies the specific interrogatory responses and responses to requests for production that he feels are insufficient, he fails to address why he believes any of the responses are deficient. A motion to compel must be accompanied by a copy of Plaintiff's discovery requests at issue and a copy of Defendant's responses to the discovery requests. Further, as the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified. Ellis v. Cambra, No. CIV 02–05646–AWI–SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D.Cal. Mar.27, 2008). Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.

## III.  Plaintiff's request for sanctions for Defendants' lack of candor and cooperation

Plaintiff asserts that the responses provided by Defendants Wegman, Howard, and Gonzales are untrue and requests the Court order sanctions against these Defendants for their "lack of candor, compliance, and cooperation." (Doc. 75 at 2-4.) Plaintiff's motion states that Defendant Wegman's

---

[1] Plaintiff also apparently is attempting to move for reconsideration of the Court's previous orders dismissing certain defendants. (Doc. 75 at 3.) Plaintiff's motion to compel is not an appropriate motion with which to assert these arguments and the Court will accordingly disregard Plaintiff's assertions in this regard.

2

responses to interrogatories 15, 16, 17, 20, 21, 23, 24, and 25 are untrue.  (Id. at 2.)  In addition, Plaintiff asserts that Defendant's Howard's responses to interrogatories 5 and 9 and Defendant's Gonzales responses to interrogatories 6, 7, and 9 are also not truthful.  (Id. at 3-4.)

      The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority.  "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."  Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

      Under Rule 11 a party has an affirmative duty to investigate the law and facts prior to filing.  Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987).  Whether to impose sanctions is determined by the reasonableness of the inquiry into the law and facts.  G.C. & K.B. Investments v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).

      The Court has inherent power to sanction parties or their attorneys for improper conduct.  Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  The imposition of sanctions under the court's inherent authority is discretionary.  Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).  The court's "inherent power 'extends to a full range of litigation abuses.'"  Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47).  However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.

      Plaintiff's assertions regarding the truthfulness of Wegman's and Howard's responses are conclusory and fail to explain why he believes that the responses are untruthful.  As to Defendant Gonzales, though Plaintiff attempts to explain why Gonzales' responses to Interrogatories Nos. 6 and 9 are untrue, Plaintiff's explanation lacks merit.

      Plaintiff's Interrogatories Nos. 6 and 9, propounded to Defendant Gonzales stated:

Plaintiff's Interrogatory No. 6

Is your accounting and use of the allotted budgets for KVSP Inmate Programs and Operations in accordance with the law, and the contracts of non-discrimination, for federal funds/grants

3

you have received?

<u>Defendant's Gonzales' Response to Interrogatory No. 6</u>

Defendant objects to this interrogatory as vague as to time and place, not relevant to this Defendant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant answers as follows:

My job duties do not include supervising or use of any budgets.

<u>Plaintiff's Interrogatory No. 9</u>

Were there any separate religious Diet/Food budgets for any particular faith groups for the years 2005, 2006, 2007, 2008, 2009, and 2010?

<u>Defendant's Response to Interrogatory No. 9</u>

Defendant objects to this interrogatory as vague as to place, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and compound with improper subpart. Subject to and without waiving the foregoing objections, Defendant answers as follows:

Assuming this interrogatory refers to KVSP, yes.

Plaintiff contends that since Defendant Gonzales stated that her job does not include the supervising or use of any budget in his response to Interrogatory No. 6, her admission regarding the existence of separate budgets for calendar years 2005 through 2010, (in response to Plaintiff's Interrogatory No. 9) reflects that she was not telling the truth. The Court finds that Plaintiff's argument simply does not support his claim that the responses lack candor. The fact that Defendant does not supervise or use any budgets does not mean that she is unaware that certain budgets exist.

Based on the foregoing the Court does not find that Defendants submitted perjured responses to Plaintiff's discovery requests and Plaintiff's request for sanctions is **DENIED**.

**IV. <u>Order</u>**

Accordingly, it is HEREBY **ORDERED**:

1. Plaintiff's motion to compel (Doc. 75), filed May 9, 2011, is **DENIED**;

2. Plaintiff's request for sanctions, is **DENIED**.

IT IS SO ORDERED.

Dated:  **December 14, 2011**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4