# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00468 LJO JLT (PC)<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY.<br><br>(Doc. 129). |

Plaintiff is a state prisoner proceeding pro se an in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has recently filed a motion for relief in which he asks this Court to issue an order for "the return of all his legal properties and preparation and mailing supplies," including a typewriter. (Doc. 129.) Plaintiff further requests that he receive "no penalty for failure to prosecute or answer matters" and that no deadlines be made against him. Presumably, Plaintiff makes the latter request because he does not currently possess his previous legal materials and supplies. (Doc. 129). Plaintiff's motion also "notes" that he had been denied access to the law library. (Doc. 129 at 2). For the reasons set forth below, Plaintiff's motion is **DENIED**.

In April and July of 2010, Plaintiff filed similar motions in which he asked this Court to order his legal property returned to him and complained about being denied access to the law

library. (Doc. 32 and 52). The Court's order in response to those motions advised Plaintiff, among other things, that Federal courts are courts of limited jurisdiction, and therefore must have before it an actual case or controversy. (Doc. 64 (citing City of Los Angeles v Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. (Doc. 64 (citing Lyons, 461 U.S. at 102).

Plaintiff is proceeding in this matter on his claims against Defendants Wegman, Gonzales, Howard, Ortiz, and Bradley regarding alleged obstruction of Plaintiff's religious practices. (See Docs. 17 & 26.) Thus, as the Court explained in its February 9, 2011 order (responding to Plaintiff's prior motions,) the Court has no subject matter jurisdiction over Plaintiff's new allegations regarding his legal property. Moreover, the Court lacks personal jurisdiction over Correctional Officer Rankin or any other prison officials allegedly responsible for Plaintiff's missing property. (Doc. 129 at 1). As a result, the Court is without authority to provide Plaintiff the relief his requests.

With regard to the law library and Plaintiff's concern about pending deadlines, Plaintiff is informed that prisoners do not have a freestanding right to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are only the means of ensuring that a prisoner's fundamental right to access the courts is preserved. Id. The accessibility or adequacy of a law library is therefore of constitutional concern only when it thwarts a prisoner from exercising his right to access the courts for the purpose of seeking redress for claimed violations of fundamental constitutional rights. Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). The prisoner must demonstrate that he suffered actual injury because of deficiencies in law library access or materials, such as the inability to meet a filing deadline or to present a claim in a direct appeal, habeas petition, or a 1983 action. Lewis, 518 U.S. at 348, 355.

Here, discovery has closed, Defendants have filed a motion for summary judgment, Plaintiff has filed his Opposition to Defendants' motion, and there do not appear to be any pending deadlines. If the issues raised by Plaintiff in his motion impede his ability to timely respond any future Court deadline in this action, Plaintiff must seek immediately an extension of

time from the Court, explain the circumstances and demonstrate good cause for the extension.

Accordingly, it is ORDERED that Plaintiff's Motion for Relief, including his request for return of all his legal properties, mailing supplies, typewriter, and access to the law library (Doc. 129) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 28, 2012**                              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE